**Kaplan Gilman Gibson & Dernier L.L.P.**
Jeffrey I. Kaplan, Esq.
900 Route 9 North
Woodbridge, NJ 07095
Telephone (732) 634-7634
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------X
S.A.S. JEAN CASSEGRAIN and :
LONGCHAMP USA, INC.,          :
                              :
      **Plaintiffs,**      :
                              :  Civil Action No.
    v.                       :
                              :  COMPLAINT
CVS CORPORATION,              :
                              :  (JURY TRIAL DEMANDED)
      **Defendant.**      :
---------------------------------------------------X

Plaintiffs, S.A.S. JEAN CASSEGRAIN and LONGCHAMP USA, INC., by and through their attorneys KAPLAN GILMAN GIBSON & DERNIER L.L.P. and GOTTLIEB, RACKMAN & REISMAN, P.C., and as for their Complaint against Defendant CVS CORPORATION, allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs seek injunctive and monetary relief for acts of trade dress infringement and unfair competition. This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1051 et seq.

### PARTIES

2. Plaintiff S.A.S. Jean Cassegrain is a company existing under the laws of France, having a place of business at 12, Rue Saint-Florentin, 75001 Paris, France. Plaintiff S.A.S. Cassegrain, acting through various subsidiary companies, is a

well-known manufacturer of handbags and other items, and is the owner of the trade dress rights in the "Le Pliage" bags asserted herein.

3. Plaintiff Longchamp USA, Inc., is a corporation existing under the laws of the state of Delaware, having an office and place of business at 435A U.S. Highway North, Yardville, New Jersey 08628. Plaintiff Longchamp USA, Inc. is the exclusive distributor in the United States of a line of "Le Pliage" bags, as set forth hereinafter.

4. Upon information and belief, Defendant CVS Corporation is a foreign business entity, with an office and place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

5. Upon information and belief, the defendant is doing business within this State and judicial district, transacts business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce and has committed tortious acts within this State and judicial district and without this State and judicial district having injurious consequences within this State and judicial district, and is otherwise within the jurisdiction of this Court.

6. Upon information and belief, the defendant regularly sells merchandise to customers in New Jersey, through numerous CVS drugstores, and promotes said merchandise to New Jersey customers, all of the aforesaid activities including sale and promotion of the items alleged to infringe Plaintiffs' rights as alleged hereinafter.

## JURISDICTION AND VENUE

7. This civil action arises under the Lanham Act, 15 U.S.C. §1051 et seq., and the laws of the State of New Jersey. This Court has jurisdiction under 28

U.S.C. §1338(a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).

    8.    Venue is proper in this district under 28 U.S.C. §§1391(b) and (c).

## COUNT I

### [Trade Dress Infringement]

    9.    For many years, Plaintiffs have sold and offered for sale a distinctive and unique line of bags identified as their "Le Pliage" line (hereinafter "the Plaintiffs' Bags"). The Plaintiffs' Bags are sold in high-quality retail stores throughout the world, including in the United States, as well as in Plaintiff Longchamp's own retail stores in the United States.

    10.    As a result of widespread advertising, promotion and sale, the Plaintiffs' Bags have become distinctive and have acquired secondary meaning indicating to the trade and purchasing public a single source of the aforesaid bags, thereby serving to distinguish said items from handbags and totebags of competitors. The aforesaid Plaintiffs' Bags, exemplified by the Pliage bag of Exhibit A hereto, have, in fact, become an important signature symbol and asset of Plaintiffs whereby the trade and purchasing public can identify the Plaintiffs' Bags as originating from Plaintiffs.

    11.    Plaintiffs' distinctive, original and arbitrary trade dress, which identifies Plaintiffs as the source of the Plaintiffs' Bags, encompasses a combination of certain non-functional elements, including the following:

- Distinctive shape/silhouette
- Contrasting leather trim
- Distinctive size, shape, and stitching on small flap

    ·  Distinctive leather trim on zipper tabs

    ·  Distinctive handles, including shield-shaped stitching.

  12.  As a result of the foregoing, Plaintiffs' Bags have acquired a distinctive, non-functional and protectable trade dress.

  13.  Defendant, upon information and belief knowing of the valuable goodwill and extensive recognition that Plaintiffs had already established in the marketplace for the Plaintiffs' Bags, and intending to trade upon that goodwill and recognition, is deliberately causing to be manufactured, importing, selling, promoting and marketing bags which are substantially identical and confusingly similar to the Plaintiffs' Bags identified with Plaintiffs.

  14.  In particular, Defendant has sold and offered for sale certain fold-up bags virtually identical to the Plaintiffs' Bags.  A photograph of one of Defendant's infringing items is annexed hereto as Exhibit B.

  15.  Defendant's bags contain the distinctive features found in Plaintiffs' trade dress set forth in paragraph 11 hereof.

  16.  Defendant, in manufacturing, causing to be manufactured, importing, selling, promoting and marketing its line of bags which copy the design of the Plaintiffs' Bags, is likely to cause confusion, mistake or deception in the trade and with the purchasing public as to the source or origin or sponsorship of said imitative items and/or are likely to cause the trade and/or the purchasing public to incorrectly believe that Defendant's infringing bag line originates with, is endorsed by, or is otherwise associated with Plaintiffs.  Such confusion includes, but is not limited to, confusion engendered after sale of the items in question (e.g. post-sale confusion), in which purchasers and prospective purchasers will see Defendant's infringing bags being

carried by women and mistakenly believe that these bags are associated or sponsored by Plaintiffs.

17. Plaintiffs, via their counsel, have put Defendant "on notice" of their infringement, but no response to their cease and desist letter and follow-up letter has been received.

18. The aforesaid activities of Defendant in marketing its infringing line of bags in commerce constitutes false descriptions, false representations, and false designations of origin, in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. Section 1125(a).

19. By reason of the acts of Defendant as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of said Defendant.

20. Defendant has been unjustly enriched and Plaintiffs are entitled to an accounting of the profits of the Defendant.

21. Defendant's foregoing activities have damaged Plaintiffs in an amount as yet unknown, but believed to be in excess of $500,000.

## COUNT II

### [Common Law Unfair Competition]

22. This cause of action arises under the New Jersey common law of unfair competition.

23. Plaintiff repeats and realleges the paragraphs 1-21 hereof as if fully set forth herein.

24. Defendant has engaged in a course of unfair competition by manufacturing and selling infringing imitative bags essentially indistinguishable in appearance from that of Plaintiffs and in misappropriating the unique design and trade dress of Plaintiffs' aforesaid bags.

25. Upon information and belief, the acts alleged herein are a specifically oriented predatory business practice undertaken by Defendant, the dominant purpose and effect of which is to pass off and palm off its line of bags as that of Plaintiffs and to confuse buyers as to the source or origin of such goods, in violation of the common law of New Jersey.

26. By reason of the acts of Defendant as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of said Defendant.

27. Defendant has been unjustly enriched and Plaintiffs are entitled to an accounting of the profits of the Defendant.

28. Defendant's foregoing activities have damaged Plaintiffs in an amount as yet unknown, but believed to be in excess of $500.000.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, attorneys and those persons, firms or corporations, acting in concert and participation with them from manufacturing, assembling, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing the trade dress of Plaintiffs, or any other colorable imitation of Plaintiffs' trade dress including, but not limited to, Defendant's bags of Exhibit B hereto;

B. A finding that Defendant has infringed Plaintiffs' trade dress and has committed acts of unfair competition;

C. An accounting by Defendant to Plaintiffs of any profit gained from the sale of its goods bearing the Plaintiffs' trade dress, or any other colorable imitation of Plaintiffs' trade dress;

D. Damages to Plaintiffs, including damages for injury to Plaintiffs' business reputation and goodwill, and all other damages arising out of Defendant's acts of unfair competition in an amount to be determined, but if Defendant's activities are continued without abatement, in an amount of at least $500,000;

E. An award of three times the amount of Plaintiffs' damages or Defendant's profits, whichever is greater;

F. Destruction of all materials and means of production of Defendant's infringing bags; and

G. Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues so triable by jury.

Respectfully submitted,

**Kaplan Gilman Gibson & Dernier L.L.P.**
Attorneys for Plaintiffs
900 Route 9 North
Woodbridge, NJ 07095
Telephone (732) 634-7634

By: _____
    Jeffrey I. Kaplan (JK4706)

Dated: Woodbridge, New Jersey
       July 29, 2005

OF COUNSEL:
George Gottlieb, Esq.
Barry A. Cooper, Esq.
Marc Misthal, Esq.
Gottlieb, Rackman & Reisman, PC
*Attorneys for Plaintiffs*
270 Madison Avenue
New York, New York 10016
Telephone 212-684-3900

# EXHIBIT A





**EXHIBIT B**



